Turley, Judge,
delivered the opinion of the court.
This is an action against the Bank of the State of Tennessee, on the part of the defendant in error, to recover damages for a default in the Bank in presenting a note for payment, which had been deposited in it for collection, in the words and figures following, viz:
“Six months after date I promise to pay Thos. S. Marshall or order, at the Bank of Tennessee, at Nashville, four hundred and fifty dollars, for value received. Witness my hand and seal. S. B. MARSHALL, [seal.]”
“Nashville, March 20th, 1841.”
This note was endorsed by Thomas S. Marshall, John Trimble and A. R. Nichol. The proof as contained in the bill of exceptions, shows that, on the 20th day of September, 1841, the note was placed in the hands of Alex. R. Nichol, *271 the last endorser, by. the agent o'f Charlotte Napier, the plaintiff in the circuit court, -which was on the same day deposited-in the Bank-, for collection,, with his endorsement to the Bank. . This was the day on which the note, fell due, excluding the days of grace. The note was déposited with the proper officer of the Bank to receive it. Oh the third day. of grace, when- the note by commercial'usage was payable, the officer of the Bank who received it, neglected to place it in the hands of the; officer whose business it was on that day, to hold all notes payable' at that time in Bank and receive payment, if the payors presented therhselves for the purpose of making it. The consequence was, that the note not having been paid, was not handed out that evening to the Notary Public for protest; but was on the next morning duly protested for non-payment, and notice - thereof given in due form to the endorsers.
The proof also shows that ho person on the third day of grace called to pay the no.te, and that the payor had no funds in the bank to meet the same; though the books of thé Bank were not at that time turned to for the purpose of ascertain--ing the facts. ' .
Upon this statement of facts the court charged the jury, “that if the note in question was regularly deposited' in Bank for collection, the Bank was bound to demand payment of the same on the last daypf grace at their Banking house; and in case the same was not paid within Banking hours, to give due notice to the endorsers of the nonpayment of said note; that it was not necessary that any particular form of words should be used in making such demand, nor in fact that such words should be used at all, but that in his opinion it- would not be a sufficient demand of payment, that said note was in the banking house on the day that the same was due, that no person called to pay it, and that the proper officer of the bank was ready, in case he had been called for; to deliver it'to the party legally applying; but that something more should be done; some act, that, for instance in the present case, the books of the Bank should have been examined to see whether the maker had not sufficient funds to pay said note in the Bank, and that this should have been done on the *272 day the note fell due. Under this charge the jury found a verdict for the plaintiff, upon which the circuit court rendered a judgment, to reverse which, this writ of error is prosecuted.
We have a case succinctly presented as follows:,
A note is deposited in Bank for collection on the day it falls due by its tenor, having three days of grace to run; it is deposited with the proper officer to receive it for collection. On the day it falls due by commercial usage, to wit, the third day of grace, he neglects to deposit it in the hands of the receiving officer of the Bank, by means of which it is not protested for non-payment on the third day of - grace, but on the next day, due notice thereof being given to all the endorsers; upon which, the judge charges the jury that it was not sufficient diligence on the part of the Bank to charge the endorsers; the note should have been in the Bank in the hands of the proper officer on the day it was due by commercial usage, and no person calling to pay it; unless the book of the Bank was on that day examined, in order to ascertain if the payor had funds in the Bank to pay it.
And we are now called upon to say whether this charge be correct. '
We are cleariy of opinion that it is not. That the protest for non-payment, and the notice to the endorsers as made, is good, having been made on the first day after the last day of grace is not controverted; provided, there have been a legal demand and refusal of the payment of the note in Bank on the last day of grace.
If a note be payable at a particular time and place, it is well settled, independent of commercial usage, that if the holder be at the place during the time stipulated for the payment^ and no one called to make payment, the contract is forfeited, and a right of action immediately accrues to the payee. Here we have a note made payable on a particular day at the Bank of the State of Tennessee, it is duly deposited in the Bank for the purpose of recovering the payment, and no one calls to make it. Is this note duly dishonoi’ed? In the case of Ogden and others vs. Dobbin and Evans, 2nd vol. Hall’s Rp. 112, it is held by the supreme court of New *273 York, “that when a note is made payable at a particular place, it must be presented at that place for payment. But when it is made payable at Bank and the note is placed in the hands of the cashier of the Bank for collection, there is no necessity for his making a specific or clamorous demand. The legal requirements as to presentment and demand are complied with, if the note was in bank at the time it fell due in the hands of the cashier ready to recover the money.”
In the case of Folger vs. Chase, 18th Pickering, 63, Wild, Judge, who delivered the opinion of the court, says: “These notes were made payable at the Phoenix Bank, and were the property of the Bank. No demand was necessary except at the Bank; and although there is no express proof that the notes were there and some officer of the bank in attendance at the time they fell due; yet this must be presumed, and it was for the defendant to shew that the maker, called at the place appointed for the purpose of maldng payment.” In the case of the Bank of the United States vs. Corneal 2d Peters 543, Mr. Justice Story, in delivering the opinion of the court, says: “On the day when the note became due, it was-in the Bank of Cincinnati, the Bank being the holder thereof, and it being payable there .after the usual banking hours were over, it was delivered to a Notary Public by the officer of the bank for protest, they informing him at the time that there were no funds there for the payment of the note. We. are all of the opinion that this was sufficient proof of a due demand of payment. When a note is payable at bank, it is the duty of the payor to be at the bank within usual hours of business to pay the same, and if he omits so to do, and a demand is then made of payment by the holder within those hours, and it is refused or neglected to be made, the holder is entitled to maintain his action for such dishonor. But when the bank is itself the holder of the n'ote so payable, no formal demand is necessary to be made of payment. The maker has the whole period of the usual banking hours to pay it, and if he does not pay it within those hours, it is-equivalent to a demand and refusal of payment on his part, an'd the note ought not to be delivered out for protest until after those hours are past. If the bank has funds of the *274 maker in its hands, that might furnish a defence to a suit brought for non-payment. But this is properly a matter of defence to be shown by the party sued like any other payment, and not matter to be disproved by the bank by negative evidence.”
These authorities are conclusive upon the point arising in this case; they shew that if the note belongs to the Bank, no formal demand is necessary, but that it is sufficient if the note be in Bank that is in the hands of an officer of the bank on the day it falls due, and no one calls to make payment thereof. Such is this case — the note was in bank in the hands of a proper officer to. receive payment, and no one did call to pay the same. It is no good objection, that the note was not placed in the hands of the officer whose appropriate business it was to receive and pay; it not being there could make no difference affecting the rights or duties of the payor; and we have seen that it is sufficient if it were in the cashier’s hands, whose duties are not those of a Teller, the officer in whose hands it is insisted the note in this case should have been on the day it fell due; But in addition to all this, the Circuit Judge charged that it was necessary, in order to constitute a good demand, that “the books of the bank should have been examined to see whether the maker had sufficient funds to pay the note in bank at the time.”
Mr. Story in the case of the Bank of the United States vs. Corneal, before quoted, says, “this is properly a matter of defence to be Shewn by the party sued, like any other payment, and not matter to be disproved by the bank by negative evidence.”
This case, then, is not only with the plaintiff in error upon general principles, but also upon express error in the charge of the Judge.
Reverse the case and remand it for a new trial.